UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES SEMPLINSKI and BETTY LOU SEMPLINSKI,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>HOSPITAL #1, ANONYMOUS PHYSICIAN 1, M.D., ANONYMOUS, PAC, and UNITED STATES OF AMERICA,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　Cause No. 2:16-cv-491<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPINION & ORDER**

James Semplinski and his wife brought this negligence action in the Lake County, Indiana Superior Court against several unnamed medical facilities and providers. (DE 4.) They allege that Mr. Semplinski received negligent medical care from the defendants and, as a result, incurred medical expenses, lost wages, and suffered other damages. (*Id.*) The United States removed the case to federal court, arguing that there was federal question jurisdiction because two defendants (NorthShore Health Centers, Inc. and Shannon Gavin, FNP) were employees of the Public Health Service, making this a case against the United States. (DE 2; *see also* DE 9.) The government now moves to dismiss the claims against it on grounds that plaintiffs failed to exhaust their administrative remedies under the Federal Tort Claims Act before filing suit. (DE 6; DE 7 at 6 (citing 28 U.S.C. § 2401(b).) The Semplinskis agree that they failed to exhaust, and they do not object to dismissal of the claim against the United States. (*See* DE 11 at 2.)

So the claim against the United States will be dismissed without prejudice.

But that's not quite the end of the matter. Because the Semplinskis' claims against the federal government provided the basis for removal, I must also determine whether this court still has jurisdiction over the claims against the other, still-to-be named defendants. The Semplinskis argue those claims should be remanded to state court, and I agree. Those claims arise under state law, and nothing in the complaint suggests the remaining defendants are diverse from the plaintiffs, so this court no longer appears to have subject matter jurisdiction. Nor does there appear to be any reason to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. *See generally Wright v. Assoc'd Ins. Cos.*, 29 F.3d 1244, 1250 (7th Cir. 1994).  For these reasons, the remaining claims must be remanded.

Accordingly, the Defendant's Motion to Dismiss Plaintiff's Complaint or, Alternatively, for Summary Judgment (DE 6) is **GRANTED** with respect to the claims against the United States, and Plaintiffs' claims against Hospital #1, Anonymous, PAC, and Anonymous Physician 1, M.D. are **REMANDED** to the Lake County Superior Court.

**SO ORDERED.**

ENTERED: April 5, 2017.

s/ Philip P. Simon<br>JUDGE, UNITED STATES DISTRICT COURT